## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Avion Pharmaceuticals, LLC and Albion
Laboratories, Inc.,

        Plaintiffs,

    v.

Lupin Limited and Lupin Pharmaceuticals,
Inc.,

        Defendants.

Civil Action No.:

## COMPLAINT

Plaintiffs Avion Pharmaceuticals, LLC ("Avion") and Albion Laboratories, Inc. ("Albion")
(collectively, "Plaintiffs") bring this action for patent infringement against Lupin Ltd. and Lupin
Pharmaceuticals, Inc. ("Lupin Pharma.") (collectively, "Defendants").

## NATURE OF THE ACTION

1. This is an action by Plaintiffs for infringement of United States Patent
No. 7,838,042 ("'042 patent" or the "Patent-In-Suit").

2. This action arises from the filing of Abbreviated New Drug Application ("ANDA")
No. 217087 by Defendants seeking approval by the United States Food and Drug Administration
("FDA") to sell a proposed generic version of BALCOLTRA® ("Proposed ANDA Product") prior
to the expiration of the Patent-in-Suit.

## THE PARTIES

### Plaintiffs

3. Avion is a limited liability corporation with its principal place of business at 1880
McFarland Parkway, Suite 105, Alpharetta, Georgia 30005.

4.    Albion is a corporation organized and existing under the laws of the State of Nevada, having its principal place of business at 67 South Main Street, Suite 200, Layton, Utah 84041.

### Defendants

5.    On information and belief, Lupin Ltd. is a corporation organized under the laws of India, having its principal place of business at Kalpataru Inspire, 3rd Floor, Off Western Express Highway, Santacruz (East), Mumbai 400055, Maharashtra, India.

6.    On information and belief, Lupin Pharma. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 11 South Calvert Street, 21st Floor, Baltimore, Maryland 21202.

7.    On information and belief, Lupin Pharma. is a wholly-owned subsidiary of Lupin Ltd.

8.    On information and belief, Lupin Pharma. is an agent of Lupin Ltd.

### JURISDICTION AND VENUE

9.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., including § 271(e)(2), and also including an action seeking declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 for patent infringement arising under 35 U.S.C. § 100 et seq., including § 271(a)-(c), (g).

10.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.    This Court has personal jurisdiction over Lupin Ltd. by virtue of, among other things, (1) its substantial, continuous, and systematic contacts with Delaware; (2) its acts of patent infringement that will result in foreseeable harm in Delaware; and (3) its sale of a substantial volume of prescription drugs in Delaware.

12.    On information and belief, Lupin Ltd. purposefully conducted and continues to conduct business in this judicial district.

13.    This Court has personal jurisdiction over Lupin Ltd. because, *inter alia*, this action arises from actions of Lupin Ltd. directed toward Delaware. On information and belief, Lupin Ltd. is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. On information and belief, Lupin Ltd. directly or indirectly manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Defendants' Proposed ANDA Product. Defendants submitted the ANDA seeking approval to commercially manufacture, use, sell, offer for sale, or import the Proposed ANDA Product prior to the expiration of the '042 patent. If FDA approval is obtained, the Proposed ANDA Product would be sold in Delaware, causing injury to Plaintiffs in Delaware.

14.    On information and belief, Lupin Ltd. has previously availed itself of the jurisdiction of this Court by filing suit in this district, consenting to jurisdiction in this district, and/or asserting counterclaims in at least the following civil actions initiated in this district: *Galderma Laboratories, LP et al v. Lupin Inc. et al*, No. 21-1710; *Gilead Sciences, Inc. et al v. Lupin Limited et al*, No. 21-1621; *Gilead Sciences, Inc. v. Lupin Limited*, No. 21-1615; *Boehringer Ingelheim Pharmaceuticals Inc. v. Lupin Limited et al*, No. 21-1486; *Zogenix, Inc. et al v. Lupin Ltd.*, No. 21-1424; *Neurocrine Biosciences, Inc. v. Lupin Limited et al*, No. 21-1408; *Supernus Pharmaceuticals, Inc. v. Lupin Limited et al*, No. 21-1293; *Neurocrine Biosciences, Inc. v. Lupin Limited et al*, No. 21-1042; *Vertex Pharmaceuticals Incorporated v. Lupin Ltd. et al*, No. 21-1019; *Otsuka Pharmaceutical Co., Ltd. v. Lupin Ltd. et al*, No. 21-900; *Boehringer Ingelheim Pharmaceuticals Inc. et al v. Lupin Ltd. et al*, No. 21-530; *Bayer Pharma AG et al v. Lupin Limited*

*et al*, No. 21-314; *Otsuka Pharmaceutical Co., Ltd. et al v. Lupin Limited et al*, No. 20-1296; *Intercept Pharmaceuticals, Inc. et al v. Lupin Limited et al*, No. 20-1155; *Arbor Pharmaceuticals, LLC et al v. Lupin Limited et al*, No. 20-922; *Merck Sharp & Dohme Corp. v. Lupin Limited et al*, No. 20-776.

15.    On information and belief, Lupin Pharma. has substantial, continuous, and systematic contacts in Delaware.

16.    On information and belief, Lupin Pharma. develops, manufactures, markets, and distributes pharmaceutical products, including generic pharmaceutical products, for sale in the State of Delaware and throughout the United States.

17.    On information and belief, Lupin Pharma. has substantial, continuous, and systematic contacts with Delaware, including that it is incorporated in Delaware, is registered to do business in Delaware (Entity Id. No. 5983739) and is registered as a pharmacy wholesaler and controlled substances distributor/manufacturer with the Delaware Division of Professional Regulation (License Nos. A4-0002387 and DM-0012065).

18.    On information and belief, Lupin Pharma., alone or together with Lupin Ltd., has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of the patent infringement under 35 U.S.C. § 271(e)(2) that has led or will lead to foreseeable harm and injury to Plaintiffs throughout the United States, including Delaware.

19.    On information and belief, Lupin Pharma. consented to jurisdiction, did not contest jurisdiction, or asserted counterclaims in Delaware in one or more prior litigations, for example: *Boehringer Ingelheim Pharmaceuticals Inc. v. Lupin Limited et al*, No. 21-1486; *Vertex Pharmaceuticals Inc. v. Lupin Ltd. et al*, No. 21-1019; *Boehringer Ingelheim Pharmaceuticals Inc. et al v. Lupin Ltd. et al*, No. 21-530; *Otsuka Pharmaceutical Co., Ltd. et al v. Lupin Limited et al*,

No. 20-1296; *Vifor Fresenius Medical Care Renal Pharma Ltd. et al v. Lupin Atlantis Holdings, SA et al*, No. 20-911; *Merck Sharp & Dohme Corp. v. Lupin Limited et al*, No. 20-776; *Vifor Fresenius Medical Care Renal Pharma Ltd. et al v. Lupin Atlantis Holdings, SA et al*, No. 20-697; *ViiV Healthcare Company et al v. Lupin Limited et al*, No. 20-293.

20.     This Court has personal jurisdiction over Lupin Pharma. by virtue of, among other things, (1) its incorporation in Delaware; (2) its continuous and systematic contacts in Delaware; (3) its acts of patent infringement that will result in foreseeable harm in Delaware; (4) its sale of a substantial volume of prescription drugs in Delaware; and (5) its conduct by and through, and in concert with, Lupin Ltd.

21.     This Court has personal jurisdiction over Lupin Pharma., because *inter alia*, this action arises from actions of Lupin Pharma. directed toward Delaware. For example, Defendants submitted the ANDA seeking approval to commercially manufacture, use, sell, offer for sale, or import the Proposed ANDA Product prior to the expiration of the '042 patent. If FDA approval is obtained, the Proposed ANDA Product would be sold in Delaware, causing injury to Plaintiffs in Delaware.

22.     Exercising personal jurisdiction over Lupin Pharma. in this judicial district would not be unreasonable given Lupin Pharma.'s incorporation in Delaware, contacts in this judicial district, and the interest in this district of resolving disputes related to products to be sold herein.

23.     Venue is proper in this judicial district under 28 U.S.C. § 1391(c)(3) because Lupin Ltd. is a foreign corporation.

24.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Lupin Pharma. is incorporated in Delaware and thus resides in this judicial district.

**AVION'S BALCOLTRA® PRODUCT**

25.     Plaintiff Avion researched, developed, applied for, and obtained FDA approval to manufacture, sell, promote, and/or market a product, which Plaintiff Avion commercialized under the mark BALCOLTRA®.

26.     Plaintiff Avion is the holder of New Drug Application ("NDA") No. 208612, approved by FDA for the use of Levonorgestrel Ethinyl Estradiol and Ferrous Bisglycinate tablets marketed as BALCOLTRA®.

27.     On information and belief, Defendants know that Avion holds NDA No. 208612.

28.     BALCOLTRA® is a birth control pill (oral contraceptive) used by women to prevent pregnancy. BALCOLTRA® is supplied as levonorgestrel and ethinyl estradiol tablets, and ferrous bisglycinate tablets for oral administration.

29.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the Patent-In-Suit is listed in the Orange Book with respect to BALCOLTRA®.

30.     Plaintiff Avion's BALCOLTRA® product or its use is covered by at least one claim of the Patent-In-Suit.

**THE PATENT-IN-SUIT**

31.     The '042 patent, entitled "Hypoallergenic metal amino acid chelates and metal amino acid chelate-containing compositions," was duly and legally issued on November 23, 2010.

32.     Max. R. Motyka, Rick Harnish, Stephen D. Ashmead, and DeWayne H. Ashmead are the named inventors of the '042 patent.

33.     Albion is the sole owner by assignment of all rights, title and interest in the '042 patent.

34.     Avion is the exclusive licensee of the '042 patent in the market for branded prescription oral contraceptive products in the United States.

35. The '042 patent is listed in the FDA publication "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly referred to as the "Orange Book," with respect to BALCOLTRA®.

36. On information and belief, Defendants know that the '042 patent is listed in the Orange Book as covering BALCOLTRA®.

37. A true and correct copy of the '042 patent is attached as Exhibit A.

## DEFENDANTS' ANDA

38. On information and belief, Defendants filed an ANDA under 21 U.S.C. § 355(j) seeking FDA approval to manufacture, use, offer for sale, sell in, and import into the United States Defendants' Proposed ANDA Product, prior to the expiration of the '042 patent.

39. On information and belief, FDA assigned the ANDA No. 217087 for Defendants' Proposed ANDA Product.

40. On information and belief, FDA has not yet approved ANDA No. 217087.

41. On information and belief, Defendants intend to engage in the commercial manufacture, use, import, offer for sale, and sale of Defendants' Proposed ANDA Product promptly upon receiving FDA approval to do so.

42. By submitting ANDA No. 217087, Defendants have represented to FDA that Defendants' Proposed ANDA Product has the same active ingredient as Plaintiffs' BALCOLTRA® product; has the same route of administration, dosage form, use, and strength as Plaintiffs' BALCOLTRA® product; and is bioequivalent to Plaintiffs' BALCOLTRA® product.

43. On information and belief, in connection with ANDA No. 217087, Defendants filed with FDA a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the claims of the '042 patent are invalid, unenforceable, and/or would not be infringed by the manufacture, use,

importation, sale, or offer for sale of Defendants' Proposed ANDA Product ("Defendants' Paragraph IV Certification").

44.    By letter dated April 18, 2022, Lupin Ltd. notified Plaintiffs that it had filed ANDA No. 217087 seeking approval to market Defendants' Proposed ANDA Product prior to the expiration of the '042 patent ("Defendants' Notice Letter").

45.    Plaintiffs received the Defendants' Notice Letter on April 19, 2022.

46.    This Action is being commenced before the expiration of forty-five days from the date of receipt of Defendants' Notice Letter.

47.    On information and belief, Defendants prepared and submitted ANDA No. 217087.

### COUNT I: INFRINGEMENT OF THE '042 PATENT

48.    The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

49.    On information and belief, Defendants' Proposed ANDA Product is covered by one or more claims of the '042 patent.

50.    On information and belief, the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Defendants' Proposed ANDA Product would infringe one or more claims of the '042 patent.

51.    Under 35 U.S.C. § 271(e)(2)(A), Defendants' submission to the FDA of Defendants' ANDA to obtain approval for Defendants' Proposed ANDA Product with a corresponding Paragraph IV Certification before the expiration of the '042 patent constitutes an act of infringement, and, on information and belief, if approved, the commercial manufacture, use, offer to sell, sale, or importation of Defendants' Proposed ANDA Product would infringe one or more claims of the '042 patent.

52. On information and belief, Defendants were aware of the '042 patent when engaging in these knowing and purposeful activities and were aware that filing Defendants' ANDA with Defendants' Paragraph IV Certification with respect to the '042 patent constituted an act of infringement of the '042 patent.

53. On information and belief, Defendants plan to, intend to, and will infringe the '042 patent immediately and imminently upon approval of Defendants' ANDA.

54. On information and belief, immediately and imminently upon approval of Defendants' ANDA, there will be direct infringement of the claims of the '042 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

55. On information and belief, Defendants' offer for sale, sale, and/or importation of Defendants' Proposed ANDA Product will actively induce infringement of the claims of the '042 patent under 35 U.S.C. § 271(b). On information and belief, Defendants had knowledge of the '042 patent and know or should know that it will induce direct infringement of the claims of the '042 patent, and Defendants specifically intend that others' actions will directly infringe the claims of the '042 patent, due to at least Defendants' labeling and promotional activities for Defendants' Proposed ANDA Product.

56. On information and belief, Defendants will, through the manufacture, use, import, offer for sale, and/or sale of Defendants' Proposed ANDA Product also contributorily infringe at least one claim of the '042 patent under 35 U.S.C. § 271(c).

57. On information and belief, Defendants will, through the importation of Defendants' Proposed ANDA Product into the United States and through the offer to sell, sale, or use of Defendants' Proposed ANDA Product in the United States, infringe at least one claim of the '042 patent under 35 U.S.C. § 271(g).

58.     On information and belief, the actions described in this Complaint relating to ANDA were done by and for the benefit of Defendants.

59.     Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless the Court enjoins those activities.  Plaintiffs will have no adequate remedy at law if Defendants are not enjoined from the commercial manufacture, use, offer to sell, sale, and importation into the United States of Defendants' Proposed ANDA Product.

60.     Defendants' activities render this case an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorney fees under 35 U.S.C. § 285.

## COUNT II - DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '042 PATENT

61.     The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

62.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

63.     An actual controversy exists between Plaintiffs and Defendants such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution.

64.     On information and belief, Defendants' Proposed ANDA Product is covered by one or more claims of the '042 patent.

65.     On information and belief, the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Defendants' Proposed ANDA Product would infringe one or more claims of the '042 patent.

66.     Under 35 U.S.C. § 271(e)(2)(A), Defendants' submission to the FDA of Defendants' ANDA to obtain approval for Defendants' Proposed ANDA Product with a

corresponding Paragraph IV Certification before the expiration of the '042 patent constitutes an act of infringement, and, on information and belief, if approved, the commercial manufacture, use, offer to sell, sale, or importation of Defendants' Proposed ANDA Product would infringe one or more claims of the '042 patent.

67.     On information and belief, Defendants were aware of the '042 patent when engaging in these knowing and purposeful activities and were aware that filing Defendants' ANDA with Defendants' Paragraph IV Certification with respect to the '042 patent constituted an act of infringement of the '042 patent.

68.     On information and belief, Defendants plan to, intend to, and will infringe the '042 patent immediately and imminently upon approval of Defendants' ANDA.

69.     On information and belief, immediately and imminently upon approval of Defendants' ANDA, there will be direct infringement of the claims of the '042 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

70.     On information and belief, Defendants' offer for sale, sale, and/or importation of Defendants' Proposed ANDA Product will actively induce infringement of the claims of the '042 patent under 35 U.S.C. § 271(b). On information and belief, Defendants had knowledge of the '042 patent and know or should know that it will induce direct infringement of the claims of the '042 patent, and Defendants specifically intend that others' actions will directly infringe the claims of the '042 patent, due to at least Defendants' labeling and promotional activities for Defendants' Proposed ANDA Product.

71.     On information and belief, Defendants will, through the manufacture, use, import, offer for sale, and/or sale of Defendants' Proposed ANDA Product, also contributorily infringe at least one claim of the '042 patent under 35 U.S.C. § 271(c).

72.    On information and belief, Defendants will, through the importation of Defendants' Proposed ANDA Product into the United States and through the offer to sell, sale, or use of Defendants' Proposed ANDA Product in the United States, infringe at least one claim of the '042 patent under 35 U.S.C. § 271(g).

73.    On information and belief, the actions described in this Complaint relating to ANDA were done by and for the benefit of Defendants.

74.    Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless the Court enjoins those activities.  Plaintiffs will have no adequate remedy at law if Defendants are not enjoined from the commercial manufacture, use, offer to sell, sale, and importation into the United States of Defendants' Proposed ANDA Product.

75.    Defendants' activities render this case an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorney fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

a)    a finding that the '042 patent is valid and enforceable;

b)    a declaratory judgment that Defendants' submission of ANDA No. 217087 was an act of infringement of one or more claims of the '042 patent and that the making, using, offering to sell, selling, marketing, distributing, or importing of Defendants' Proposed ANDA Product prior to the expiration of the '042 patent will infringe, actively induce infringement of, and/or contribute to the infringement of one or more claims of the '042 patent;

c)    an Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Defendants' ANDA No. 217087 or any product the use of which infringes the '042 patent, shall be a date that is not earlier than the expiration of the '042 patent;

d)        an Order pursuant to 35 U.S.C. § 271(e)(4)(B) permanently enjoining Defendants and all persons acting in concert with Defendants from commercially manufacturing, using, offering for sale, selling, marketing, distributing, or importing Defendants' Proposed ANDA Product, or any product the use of which infringes the '042 patent, or induces or contributes to the infringement of the '042 patent, until after the expiration of the '042 patent;

e)        an Order enjoining Defendants and all persons acting in concert with Defendants from seeking, obtaining, or maintaining approval of the Defendants' ANDA No. 217087 before the expiration of the '042 patent;

f)        an award of Plaintiffs' damages with interest or other monetary relief to compensate Plaintiffs if Defendants engage in the commercial manufacture, use, offer to sell, sale, or marketing or distribution in, or importation into the United States of Defendants' Proposed ANDA Product, or any product or compound the use of which infringes the '042 patent, or induces or contributes to the foregoing, prior to the expiration of the '042 patent in accordance with 35 U.S.C. § 271(e)(4)(C);

g)        a judgment that this is an exceptional case and awarding Plaintiffs their attorneys' fees under 35 U.S.C. § 285;

h)        an award of Plaintiffs' reasonable costs and expenses in this action; and

i)        an award of any further and additional relief to Plaintiffs as this Court deems just and proper.

Dated: June 2, 2022

/s/Stamatios Stamoulis
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
**STAMOULIS & WEINBLATT LLC**
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: 302.999.1540

*Attorney for Plaintiffs Avion Pharmaceuticals,
LLC and Albion Laboratories, Inc.*

*Of Counsel*:

Autumn N. Nero (Pro Hac Vice forthcoming)
ANero@perkinscoie.com
Andrew T. Dufresne (Pro Hac Vice
forthcoming)
ADufresne@perkinscoie.com
Olivia S. Radics (Pro Hac Vice forthcoming)
ORadics@perkinscoie.com
**PERKINS COIE LLP**
33 East Main Street, Suite 201
Madison, WI  53703-3095
Telephone:  608.663.7460
Facsimile:  608.663.7499

Michael A. Chajon #5465
MChajon@perkinscoie.com
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960

*Attorneys for Plaintiff Avion Pharmaceuticals,
LLC*

-14-