## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Avion Pharmaceuticals, LLC and Albion Laboratories, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Lupin Limited and Lupin Pharmaceuticals, Inc. <br><br> Defendants. | Civ. No.: 1:22-cv-00729-CJB <br><br> ANDA CASE |

## SCHEDULING ORDER

This 26th day of October, 2022, the Court having forgone an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 in light of the parties' agreement, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. The parties made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on September 13, 2022. The parties have reviewed the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab,

and will consider incorporating it for this case if needed during the course of

discovery.

   2. **<u>Joinder of Other Parties and Amendment of Pleadings</u>**. All

motions to join other parties, and to amend or supplement the pleadings shall be

filed on or before June 2, 2023.

   3. **<u>Protective Order</u>**. The Protective Order was entered in this case on

September 20, 2022.

   The Protective Order includes the following paragraph, which explains that

the Protective Order does not preclude another court from finding that information

may be relevant and subject to disclosure in another case:

> **<u>NON-PARTY REQUEST/SUBPOENA OF</u>**
> **<u>CONFIDENTIAL INFORMATION</u>**. If a Receiving Party
> receives a subpoena or other compulsory process from a non-
> party to this Order seeking production or other disclosure of a
> Producing Party's Confidential Information or Highly
> Confidential Information, that Receiving Party shall give
> written notice to outside counsel of record for the Producing
> Party within ten (10) business days after receipt of the subpoena
> or other compulsory process identifying the specific
> Confidential Information or Highly Confidential Information
> sought and enclosing a copy of the subpoena or other
> compulsory process.  If written notice to the Producing Party
> must be provided by an earlier time to allow the Producing
> Party to timely seek a protective order, the Receiving Party
> must provide written notice by that earlier time.  If the
> Producing Party timely seeks a protective order, the Receiving
> Party to whom the subpoena or other compulsory process was
> issued or served shall not produce the Confidential Information
> or Highly Confidential Information requested prior to receiving
> a Court order or consent of the Producing Party.  In the event

that Confidential Information and/or Highly Confidential
Information is produced, other than by Court order, to the non-
party in accordance with this provision, such material shall be
treated as Confidential Information or Highly Confidential
Information pursuant to this Order.

4. **Papers Filed Under Seal**. When filing papers under seal, counsel
shall follow the District Court's policy on Filing Sealed Civil Documents in
CM/ECF and section G of the Administrative Procedures Governing Filing and
Service by Electronic Means. A redacted version of any sealed document shall be
filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a
transcript of a court proceeding (including a teleconference), such party should
expressly note that intent at the start of the court proceeding. Should the party
subsequently choose to make a request for sealing or redaction, it must, promptly
after the completion of the transcript, file with the Court a motion for
sealing/redaction, and include as attachments: (1) a copy of the complete transcript
highlighted so the Court can easily identify and read the text proposed to be
sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its
request, the party seeking redactions must demonstrate why there is good cause for
the redactions and why disclosure of the redacted material would work a clearly
defined and serious injury to the party seeking redaction.

5.      **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

6.      **Disclosures**. The parties agree to the following disclosure schedule:

a.      Preliminary Disclosure of Asserted Claims. No later than September 21, 2022, Plaintiffs shall serve Defendants with a "Preliminary Disclosure of Asserted Claims" that lists each claim of each patent alleged to be infringed by Defendants, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted. Unless otherwise agreed to by the parties, Plaintiffs may assert no more than ten claims of any one patent and no more than 32 claims in total against any one Defendant. Plaintiffs shall produce with the Preliminary Disclosure of Asserted Claims a copy of the file history for each asserted patent, all documents evidencing ownership of the asserted patent rights by Plaintiffs, and all agreements, including licenses, transferring an interest in any asserted patent.

b.      Noninfringement Contentions. No later than October 21, 2022, Defendants shall serve on Plaintiffs "Noninfringement Contentions" that shall set

4

forth any defense of noninfringement and include a claim chart that identifies each claim at issue in the case, each limitation of each claim at issue, and any and all claim limitations that are literally absent from the Abbreviated New Drug Application accused of infringement. Defendants shall produce with the Noninfringement Contentions any document or thing that Defendants intend to rely upon in defense of any infringement allegations by Plaintiffs.

        c.     <u>Invalidity Contentions and Preliminary Disclosure of Asserted Prior Art</u>. No later November 23, 2022, Defendants shall serve on Plaintiffs "Invalidity Contentions" that shall contain the following information:

        i.     The identity of no more than 12 prior art references for any one patent and no more than 30 prior art references in total that Defendants allege anticipates each asserted claim or renders the claim obvious (the "Preliminary Disclosure of Asserted Prior Art"). Nothing herein shall limit the use of additional prior art references for the purpose of: (1) describing the background or state of the art; (2) the knowledge and skill of a person of ordinary skill in the art; (3) the motivation to combine the prior art references; (4) reasonable expectation of success; and (5) to rebut any alleged secondary considerations of nonobviousness.  Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher. Each alleged sale or

public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity(ies) of the person(s) or entity(ies) that made the use or made and received the offer, or the person(s) or entity(ies) that made the information known or to whom it was made known. For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identity(ies) of the person(s) or entity(ies) involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

ii.    Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

iii.    A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including, for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

iv.     Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

d.     <u>Document Production Accompanying Invalidity Contentions</u>. With the Invalidity Contentions, Defendants shall produce or make available for inspection and copying a copy or sample of the prior art identified pursuant to paragraph 7(a) that does not appear in the file history of the asserted patent. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

e.     <u>Infringement Contentions</u>. No later than January 11, 2023, Plaintiffs shall serve on Defendants "Infringement Contentions." Separately for each Defendant, the Infringement Contentions shall contain the following information:

i.     Each claim of each asserted patent that Plaintiffs allege Defendants infringe, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

ii.     Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each Defendant of which Plaintiffs are aware. This identification shall be as specific as possible. Each product, device, and apparatus

shall be identified by name or model number, if known. Each method or process

shall be identified by name, if known, or by any product, device, or apparatus that,

when used, allegedly results in the practice of the claimed method or process;

      iii.    A chart identifying specifically where and how each

limitation of each asserted claim is found within each Accused Instrumentality,

including for each limitation that such party contends is governed by

35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the

Accused Instrumentality that performs the claimed function;

      iv.    For each claim alleged to have been indirectly infringed,

an identification of any direct infringement and a description of the acts of the

alleged indirect infringer that contribute to or are inducing that direct infringement.

Insofar as alleged direct infringement is based on joint acts of multiple parties, the

role of each such party in the direct infringement must be described;

      v.    Whether each limitation of each asserted claim is alleged

to be present in the Accused Instrumentality literally or under the doctrine of

equivalents;

      vi.    For any patent that claims priority to an earlier

application, the priority date to which each asserted claim is alleged to be entitled;

and

vii.    If Plaintiffs wish to preserve the right to rely, for any purpose, on the assertion that their own or their licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, Plaintiffs shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim ("Embodying Instrumentality").

f.    <u>Document Production Accompanying Infringement Contentions</u>. Plaintiffs shall produce with the Infringement Contentions or make available for inspection and copying:

i.    Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or each sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the asserted patent(s);

ii.    All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, that were created on or before the date of application for the asserted patent or the priority date identified pursuant to paragraph 9(f) of this Order, whichever is earlier; and

iii.     If Plaintiffs identify instrumentalities pursuant to paragraph 9(g) of this Order, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims. Plaintiffs shall separately identify by production number the documents that correspond to each category set forth in this paragraph. The production of a document as required by this paragraph shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

iv.     Addition or Substitution of Asserted Claims or Prior Art and Amendment of Contentions. The addition or substitution of asserted claims or prior art and the amendment of the Noninfringement Contentions, Invalidity Contentions, Infringement Contentions, Preliminary Disclosure of Asserted Claims, and Preliminary Disclosure of Asserted Prior Art may be made only by order of the Court upon a timely showing of good cause. A request to add an asserted claim will likely only be granted if Plaintiffs drop a claim or claims previously asserted. A request to add an asserted prior art reference will likely only be granted if Defendants drop a prior art reference or references previously asserted. The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to add or substitute asserted claims or prior art or to amend contentions.

7.      **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.      Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before September 8, 2023.

b.      Document Production. Document production shall be substantially complete by June 9, 2023.

c.      Requests for Admission. A maximum of fifty (50) requests for admission are permitted for each side.

d.      Interrogatories.

i.      A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

ii.     The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e.      Depositions.

i.      Limitation on Hours for Deposition Discovery. Each side is limited to a total of fifty-six (56) hours of taking testimony by deposition upon

oral examination. The deposition limit above applies to depositions of a party's officers, directors, current employees, former employees, inventors, and corporate affiliates, if such person or entity accepts service of and responds to requests for production without requiring formal third-party discovery procedures. The deposition limit above does not apply to depositions of any other third-party witnesses. Nothing in this section pertaining to former employees, inventors, and corporate affiliates of a party shall be construed as a party consenting to a deposition of said former employee, inventors, and corporate affiliate, or an agreement to accept notice of deposition on behalf of said former employee, inventor, or corporate affiliate.

        ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties shall meet and confer about the locations of depositions, taking into account convenience for the deponent when appropriate. The parties shall also meet and confer about the location of depositions of witnesses in foreign countries, including

whether such deposition may proceed remotely. If necessary, the parties shall meet and confer regarding whether depositions should proceed remotely in view of COVID restrictions at the time of the deposition.

      f.    <u>Disclosure of Expert Testimony</u>.

      i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before October 11, 2023. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before November 15, 2023. Reply expert reports from the party with the initial burden of proof are due on or before December 22, 2023.

No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      ii.    <u>Expert Report Supplementation</u>. The parties agree they will permit expert declarations to be filed in connection with claim construction briefing only.

      iii.    <u>Objections to Expert Testimony</u>.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509

U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion on or before February 16, 2024. Briefing will be presented pursuant to the Court's Local Rules.

       g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

       i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

       ii.    Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall file a joint letter in substantially the following form:

Dear Judge Burke:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

Delaware Counsel: _____

Lead Counsel: _____

14

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii.     The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

iv.     The Court will thereafter set a discovery dispute telephone conference and a briefing schedule. The movant's opening letter brief shall include as attachments: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues. The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website. The

parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

        v.      Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

        vi.     Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve a protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

vii.     The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Joint Motion to Resolve Protective Order Dispute."

viii.    The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should include as an attachment the side's proposal as to how the content of the disputed portion(s) of the protective order should read. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

ix.     Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

8.    **Motions to Amend**.

a.    Any motion to amend a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall

attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

      b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

      c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend.

      9.    **<u>Motions to Strike</u>**.

      a.    Any motion to strike any pleading or other document or testimony shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

      b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

      c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to strike.

10.    **Motions to Stay**.

a.    Any motion to stay shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

11.    **Tutorial Describing the Technology and Matters in Issue**. The parties may (though they are not required to) provide the Court, no later than the date on which the Joint Claim Construction Brief is due, with a tutorial on the technology at issue. In this regard, the parties may separately submit a DVD/flash drive containing a tutorial that is not more than 30 minutes in length. The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than seven days after the Joint Claim Construction Brief is due. As to

the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12.    **Claim Construction Issue Identification**. On February 9, 2023, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed with the Court on March 2, 2023. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to Deborah_Benyo@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the

party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

13.    **Claim Construction Briefing**.  Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before April 7, 2023. Defendant shall serve, but not file, its answering claim construction brief, not to exceed 30 pages, on or before May 5, 2023. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on or before June 2, 2023. Defendant shall serve, but not file, its sur- reply brief, not to exceed 10 pages, on or before June 30, 2023. No later than July 7, 2023, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

I.    Agreed-upon Constructions

II.    Disputed Constructions

A.    [TERM 1]
    1.    Plaintiff's Opening Position
    2.    Defendant's Answering Position
    3.    Plaintiff's Reply Position
    4.    Defendant's Sur-Reply Position

B.    [TERM 2]
    1.    Plaintiff's Opening Position
    2.    Defendant's Answering Position
    3.    Plaintiff's Reply Position
    4.    Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall file them in a joint appendix.

14.     **Hearing on Claim Construction**. Beginning at 11:00 a.m. on August 15, 2023, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the Court will endeavor to issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.

15.     **Interim Status Report**. No later than 21 days after the Court issues a claim construction order, counsel shall file a joint letter with the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.     **Narrowing of Asserted Prior Art and Claims**. Unless otherwise agreed to by the parties, no later than 21 days after the Court issues a claim

construction order, Defendants shall serve on Plaintiffs a "Final Election of Asserted Prior Art" that reduces the number of prior art references that Defendants allege anticipates each asserted claim or renders the claim obvious. Defendants shall identify in the Final Election of Asserted Prior Art no more than six prior art references for any one patent from among the 12 prior art references identified for that patent in the Preliminary Disclosure of Asserted Prior Art and shall identify no more than a total of 20 references from among the references identified in the Preliminary Disclosure of Asserted Prior Art. No later than 14 days after service of the Final Election of Asserted Prior Art, Plaintiffs shall serve on Defendants a "Final Election of Asserted Claims" that shall identify for any one patent no more than five asserted claims from among the 10 claims identified for that patent in the Preliminary Disclosure of Asserted Claims and shall identify no more than a total of 16 claims from among the claims identified in the Preliminary Disclosure of Asserted Claims.

17. **Case Dispositive Motions**.

Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

Daubert Motions shall be filed on or before February 16, 2024.

a. Page limits for *Daubert* motions. In the event that a party files a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony,

the total amount of pages permitted for all *Daubert* motions shall be 10 pages for all opening briefs, 10 pages for all answering briefs, and 5 pages for all reply briefs for each **SIDE**.

      b.    <u>Hearing</u>. The Court will hear argument on all pending *Daubert* at the Pretrial Conference.

18.   <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Court. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19.   <u>Pretrial Conference</u>. On April 9, 2024, the Court will hold a pretrial conference in court with counsel beginning at 11:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Patent Pretrial Order, which can be found in the "Forms" tab on Judge Burke's section of the Court's website (www.ded.uscourts.gov), on or before March 19, 2024. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

As noted in the Patent Pretrial Order, the parties shall include in their joint proposed pretrial order, among other things:

a.      <u>a request for a specific number of **_hours_** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

b.      <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

c.      <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and;

d.      <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

20.    **Motions *in Limine***. Motions *in limine* shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) single-spaced pages of argument and may be opposed by a maximum of three (3) single-spaced pages of argument, and the party making the in limine request may add a maximum of one (1) additional single-spaced page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3)-page single-spaced submission (and, if the moving party, a single one (1)-page single-spaced reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

21.    **Trial**. This matter is scheduled for a three-day bench trial beginning at 9:00 a.m. on May 6, 2024, with the subsequent trial days beginning at 9:00 a.m.

The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.     **Post-Trial Motions**.

The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

_Christopher J. Burke_
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE